FILED'06 APR 04 11:01USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT JOHNSON,

           Petitioner,

v.

JEAN HILL,

           Respondent.

Civ. No. 04-406-TC

ORDER

Aiken, Judge:

On January 26, 2006, Magistrate Judge Coffin issued his Findings and Recommendation in the above-captioned action, recommending that the petition for writ of habeas corpus be denied and the case dismissed. Magistrate Judge Coffin found that petitioner's claims were brought after the one-year statute of

-1-   ORDER

limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), and that the circumstances did not warrant the application of equitable tolling. 28 U.S.C. § 2244(d)(1).

The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner has filed timely objections to the Findings and Recommendation. Upon de novo review of Judge Coffin's well-reasoned opinion, I find no error.

I agree that the petition was filed after the applicable limitations period and that equitable tolling is not applicable. Equitable tolling under the AEDPA is appropriate "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal citations omitted). Further, the petitioner must show that the extraordinary circumstances actually caused the untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is thus "unavailable in most cases," and the threshold for its application is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

-2-  ORDER

Petitioner cites his various psychological disorders and argues that his judgment was impaired and that he could not identify his legal remedies. Generally, however, equitable tolling based on a petitioner's mental condition is available only in cases of "profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004); see also Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (equitable tolling for a mental condition appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"). For example, the Ninth Circuit found equitable tolling appropriate in a case where the prisoner had "serious mental problems for many years," and had established "a threshold showing of mental incompetency." Calderon v. U.S. Dist. Ct. for Centr. Dist. of Cal., 163 F.3d 530, 541 (9th Cir. 1998) (en banc), abrogated on other grounds, Woodford v. Garceau, 538 U.S. 202, 209-10 (2003).

In contrast, petitioner here was able to seek post-conviction relief in the state courts despite his psychological disorders, and as Magistrate Judge Coffin explains, petitioner's prison records do not reveal profound mental incapacity to support equitable tolling under the AEDPA.

Further, I agree with the finding of Magistrate Judge Coffin that plaintiff's status as a minor for 100 days, even if deemed grounds for equitable tolling, would not have rendered his petition timely. Findings and Recommendation, p. 7, n.4.

-3-   ORDER

THEREFORE, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 59) filed January 26, 2006, is ADOPTED. The Petition for Writ of Habeas Corpus (doc. 2) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 3 day of April, 2006.

　　　　　　　　　　　／s/ Ann Aiken
　　　　　　　　　　　Ann Aiken
　　　　　　　　　United States District Judge

-4-  ORDER